[No. B189251. Second Dist., Div. Eight. Apr. 17, 2007.]

ON-LINE POWER, INC., Plaintiff and Respondent, v.
DAVID MAZUR, Defendant and Appellant.

COUNSEL

Henry J. Josefsberg for Defendant and Appellant.

Law Offices of Faryan A. Afifi and Faryan Andrew Afifi for Plaintiff and Respondent.

OPINION

RUBIN, J.—Cross-complainant David Mazur appeals from an order denying his motion for attorney's fees after settling his action for unpaid wages pursuant to a statutory offer of compromise. (Code Civ. Proc., § 998.) Because the trial court erred in ruling that the Labor Code provisions ensuring an employee's right to payment of wages did not apply to salaried corporate executives, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

David Mazur sued his former employer, On-Line Power, Inc. (OLP), for unpaid wages.[1] Mazur alleged he was OLP's vice-president of sales and marketing, and, under a written employment contract, was owed an annual salary of $180,000, to be paid in weekly installments. According to Mazur, OLP paid him less than that for some period of time. Evidence produced by OLP showed that Mazur later renegotiated his agreement to require OLP to pay $80,000 of that amount as consulting fees to a separate business owned by Mazur. Mazur's cross-complaint included causes of action for: breach of his written employment contract, which did not contain an attorney's fee provision; unpaid wages and penalties for violations of various Labor Code sections, along with attorney's fees pursuant to Labor Code section 218.5; conversion; and unfair business practices.

On August 2, 2005, OLP mailed to Mazur a statutory offer to compromise under Code of Civil Procedure section 998 (section 998). The offer said OLP

---

[1] Mazur's action was a cross-complaint filed in response to OLP's action against Mazur and others for stealing OLP's trade secrets. Mazur was granted summary judgment in that action, which we recently affirmed in *On-Line Power, Inc. v. Mazur* (Nov. 6, 2006, B185415) (nonpub. opn.).

"offers to settle and compromise [Mazur's cross-complaint] for a total payment of [$25,000] by OLP to MAZUR as full and complete resolution of all of the claims raised by the Cross-Complaint to be dismissed with prejudice. [¶] Acceptance of this offer requires that MAZUR notify OLP's counsel of record herein in writing of its acceptance prior to the commencement of trial or within 30 days of this offer, whichever occurs first."

On the trial date of August 29, 2005, counsel for the parties notified the court that Mazur had accepted OLP's section 998 offer, but had yet to do so in writing. Because the section 998 offer said nothing about costs or attorney's fees, the trial court asked the parties whether they had reached agreement on that point. Because case law held that the absence of such language in a section 998 offer meant the prevailing party could seek those fees and costs, Mazur's lawyer said that he would do so. OLP's lawyer said that his client had intended to obtain a full resolution of all claims, including attorney's fees and costs, and did not intend to let Mazur seek recovery of those items. OLP's lawyer also said that the section 998 offer was not yet effective because Mazur had not accepted in writing, as required by the offer's terms. The trial court ruled that Mazur's on-the-record acceptance was sufficient.[2] The court also agreed with Mazur's lawyer that the offer's silence regarding fees and costs allowed Mazur to bring a motion for their recovery.

Mazur then brought a motion to enforce the section 998 offer, have judgment entered, and recover his attorney's fees pursuant to Labor Code section 218.5, along with his costs. OLP opposed the motion on several grounds. Those relevant to the issues raised on appeal were: (1) Mazur was not a prevailing party because a dismissal with prejudice was to be entered in OLP's favor;[3] and (2) decisions holding that a section 998 offer's silence about attorney's fees and costs permitted the prevailing party to seek their recovery applied to only those section 998 offers that called for entry of judgment, not a dismissal with prejudice. On October 20, 2005, the trial court issued a minute order finding that Mazur was entitled to seek his costs because the section 998 offer was silent on that point. However, the court found that Mazur was not entitled to recover his attorney's fees under Labor Code section 218.5 because that section was designed to protect workers who received an hourly wage, not those who were compensated by salary pursuant

---

[2] Both parties have waived that issue, and concede on appeal that the offer was validly accepted.

[3] At the time the fees motion was briefed and decided, Mazur had yet to dismiss his cross-complaint as required by the section 998 offer. He eventually did so on November 7, 2005, after the trial court denied his motion for attorney's fees. OLP contends that it eventually paid Mazur $25,000, as required by the section 998 offer. OLP's contention is contained in its appellate brief, however, and is not part of the record. Even so, Mazur does not dispute the point, and we therefore presume that the section 998 offer was properly accepted and fully executed, leaving for resolution only Mazur's right to seek his attorney's fees.

to a written employment contract. Mazur has appealed the order denying his request for attorney's fees.[4]

### DISCUSSION

#### 1. *Mazur Was Entitled to Seek Attorney's Fees*

■ Under section 998, a party to a civil action may serve upon any other party an offer to "allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (§ 998, subd. (b)(1).) If a plaintiff does not accept the offer and fails to obtain a more favorable judgment at trial, then the plaintiff is liable for the offering party's attorney and expert witness fees. (§ 998, subd. (c)(1).)

■ OLP contends Mazur was not entitled to recover his attorney's fees because its section 998 offer called for the complete resolution of all of Mazur's claims and should therefore be read under general contract principles to exclude such fees. However, when a section 998 offer is silent about attorney's fees and costs, it cannot reasonably be interpreted to exclude their recovery and the prevailing party may seek them. (*Ritzenthaler v. Fireside Thrift Co.* (2001) 93 Cal.App.4th 986, 990–991 [113 Cal.Rptr.2d 579] [attorney's fees may be recoverable following accepted section 998 offer that called for judgment against the defendant and payment by the defendant of certain sums, " 'in final settlement of all damages and injunctive claims . . . arising out of or related to the allegations alleged in this action' "]; *Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181, 192–193 [223 Cal.Rptr. 32]; *Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256 [155 Cal.Rptr. 516]; see *Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 387 [85 Cal.Rptr.2d 4] [parties could have provided that section 998 offer excluded attorney's fees by stating that each party would bear its own fees].)

■ OLP contends that these decisions are not applicable because they involved section 998 offers that called for entry of judgment, not dismissal with prejudice, and that OLP's dismissal from the action made *it* the prevailing party. Several courts have held that a section 998 offer calling for a dismissal with prejudice instead of entry of judgment is valid and enforceable. (*Berg v. Darden* (2004) 120 Cal.App.4th 721 [15 Cal.Rptr.3d 829] (*Berg*); *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*

---

[4] Shortly after that ruling, Mazur filed a costs memorandum seeking to recover his costs (as distinguished from attorney's fees), and OLP filed a motion to tax those costs. Mazur claims in his opening appellate brief that OLP's motion was denied, but no ruling on the motion appears in the record, nor do the parties assert error as to any ruling on costs.

(2002) 96 Cal.App.4th 1017 [117 Cal.Rptr.2d 685] (*American Airlines*); *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 [32 Cal.Rptr.2d 740] (*Goodstein*).) The rationale of these decisions was that a dismissal with prejudice is tantamount to a judgment and a final disposition of the case, and was therefore in accord with section 998. (*Berg, supra,* at pp. 731–732; *American Airlines, supra,* at pp. 1055–1056; *Goodstein, supra,* at pp. 905–906.) We recognize that the context of those decisions is different— they involved attempts to make a party who rejected a section 998 offer pay the other side's attorney's fees and costs when the offering party did better at trial than the 998 offer provided. On appeal, the issue concerned whether a valid section 998 offer existed when the offer called for a dismissal with prejudice, not a judgment. We see the context as a distinction without legal significance. Because a dismissal with prejudice is equivalent to a judgment for purposes of making a section 998 offer valid and enforceable, and because the parties have essentially conceded the validity and enforceability of OLP's 998 offer (see fn. 2, *ante*), we see no reason to interpret OLP's offer any differently than if OLP had agreed to the entry of a more formal judgment, rather than a dismissal with prejudice.[5]

### 2. *The Trial Court Erred by Holding That Labor Code Section 218.5 Does Not Apply to Salaried Executive Employees*

■ The Labor Code contains several provisions designed to ensure that employees receive their full wages at specified intervals while employed, as well as when they are fired or quit. (Lab. Code, §§ 201–204.) The employee shall be awarded reasonable attorney's fees and costs to the prevailing party in an action for nonpayment of wages if those items were requested when the action was initiated. (Lab. Code, § 218.5.) The trial court ruled that these protections were not applicable to Mazur because he was not an hourly employee, and that his claims were really for breach of his employment contract. We disagree.[6]

■ Under well accepted rules we determine this matter of statutory construction as an issue of law subject to our de novo review. Our primary purpose is to determine the intent of the Legislature, and if the words of a statute are unambiguous, there is no need for construction. The meaning of a statute may not be determined from a single word or sentence. Instead, the

---

[5] Our holding in this regard is limited to the interpretation and effect of the section 998 offer, not to whether Mazur was the prevailing party for purposes of awarding him attorney's fees. As we discuss *post,* the trial court never reached the issue of who was the prevailing party, and should do so on remand.

[6] OLP did not brief the nonapplicability of Labor Code section 218.5 in its opposition to Mazur's fee motion, so we presume the trial court raised the issue on its own. As a result, the court did not have the benefit of any briefing by the parties on the issue. Mazur does not contend on appeal that the trial court should not have raised the issue on its own motion.

words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. Each sentence must be read in light of the statutory scheme. (*People ex rel. Allstate Ins. Co. v. Weitzman* (2003) 107. Cal.App.4th 534, 544–545 [132 Cal.Rptr.2d 165].)

■ Labor Code section 200, subdivision (a) defines wages as "all amounts for labor performed *by employees of every description, whether the amount is fixed* or ascertained by the standard of time, task, piece, commission basis, *or other method of calculation.*" (Italics added.) Labor Code sections 201 through 202 call for the payment of wages upon termination or resignation of employees working in various fields. Labor Code section 203 provides penalties for employers who fail to pay "any wages of an employee" in violation of those sections. Labor Code section 204 requires payment of wages at certain specified times during the course of employment, but permits payment of wages on a monthly basis to executive, administrative, and professional employees who are covered by the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.). Taken as a whole, these provisions indicate that for purposes of the Labor Code, the salaries of executives are protected wages, and that a cause of action for nonpayment of such wages falls under Labor Code section 218.5. (See *Quillian v. Lion Oil Company* (1979) 96 Cal.App.3d 156 [157 Cal.Rptr. 740] [manager of two service stations paid a fixed salary entitled to wage protections against unlawful deductions from bonuses].)

■ OLP contends that the trial court was correct because Mazur's action was essentially one for breach of contract, and the employment contract did not include an attorney's fee provision. To the extent the trial court ruled that Mazur's concurrent breach of contract cause of action precluded his resort to the Labor Code, it also erred. (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 350 [127 Cal.Rptr.2d 516, 58 P.3d 367] [employee who was denied wages owed may sue for both breach of contract and Labor Code violations].) We therefore hold that the trial court erred by denying Mazur's attorney's fees motion under Labor Code section 218.5. Because, as set forth below, numerous issues remain for the trial court to decide, we reverse the trial court's order and remand for further proceedings.

### 3. *Issues to be Determined on Remand*

As noted, there is evidence that some portion of Mazur's compensation was paid as consulting fees to Mazur's separate business. It is arguable that such compensation does not constitute wages under the applicable Labor Code sections. That issue in particular, and the Labor Code's applicability in general, was not briefed by the parties. Instead, it appears the trial court raised the Labor Code issue on its own. On remand, the parties should

address this issue, giving the trial court a chance to decide the question in light of the parties' evidence and arguments.[7]

■ The trial court must also determine whether Mazur was the prevailing party for purposes of an attorney's fee award. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B) [statutory attorney's fees are recovered as costs under Code Civ. Proc., § 1032]; Code Civ. Proc., § 1032, subd. (b) [prevailing party is entitled to recover costs].) The prevailing·party is either the party with a net monetary recovery, a defendant in whose favor a dismissal was entered, or a defendant where neither defendant nor plaintiff obtained any relief. In other situations, the trial court in its discretion determines the prevailing party, comparing the relief sought with that obtained, along with the parties' litigation objectives as disclosed by their pleadings, briefs, and other such sources. (Code Civ. Proc., § 1032, subd. (a)(4); *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 [86 Cal.Rptr.2d 614, 979 P.2d 974].) Mazur argues he was the prevailing party because he obtained $25,000. OLP argues that it was the prevailing party because it obtained a dismissal with prejudice in its favor. Because both parties achieved a status that Code of Civil Procedure section 1032 defines as a prevailing party, arguably this action falls into the "situation other than as specified" category, calling for an exercise of the trial court's discretion. (Code Civ. Proc., § 1032, subd. (a)(4).) This is an issue that the trial court should address in the first instance.[8]

If the trial court determines that Mazur is the prevailing party, it should determine the amount of reasonable attorney's fees, including whether to apportion any of the fees between Mazur's several causes of action. To the extent any portion of OLP's $25,000 payment to Mazur can be determined to have covered Mazur's unpaid consulting fees, that fact may be considered in determining any fee award.

---

[7] Whether a so-called consulting agreement is one that calls for the payment of wages is a factual matter that the trial court should decide in the first instance.

[8] Mazur contends in his reply brief that the trial court impliedly determined he was the prevailing party when it awarded him costs after denying the attorney's fee motion. We reject this contention in the present appeal for the following reasons: First, the record contains no order awarding Mazur his costs; second, the order denying Mazur's attorney's fees, but authorizing Mazur to file a costs memorandum, could not possibly have determined any issues relating to the propriety of a costs award; and third, the parties' briefs in connection with the costs memorandum are silent on the prevailing party issue. In short, it appears doubtful to us that the trial court ever fully considered or reached that issue. Regardless, we are reviewing the propriety of the order denying Mazur's attorney's fees motion, which occurred before the costs memorandum was filed, and we cannot consider events occurring after the appealed fees motion was denied. We do not foreclose the trial court from determining that respondent was the prevailing party or that there is no prevailing party.

## DISPOSITION

For the reasons set forth above, the order denying Mazur's motion for attorney's fees is reversed, and the matter is remanded to permit the trial court to address the issues we have identified. Each party to bear its own costs on appeal.

Cooper, P. J., and Boland, J., concurred.