**Richard ROJAS, et al.,**

v.

**BRINDERSON CONSTRUCTORS INC., et al.**

**No. CV 08–1014 ODW(MANx).**

United States District Court, C.D. California.

July 23, 2008.

Ellyn Moscowitz, Law Office of Ellyn Moscowitz, Pasadena, CA, for Individual and Representative Plaintiffs Richard Rojas, Irma Berkeley, Jose Villa, Gervis Quamina, Steven–Rodriguez, Pierre Redmond, Matthew Jones.

John P. Lecrone, Camilo Echavarria, Davis Wright Tremaine LLP, Anna Segobia Masters, Esq., Audrey Shen Chui, Esq., Winston & Strawn LLP, Catherine A. Conway, Esq., Akin Gump Strauss Hauer & Feld LLP, Adam Levin, Esq., Jolene R. Konnersman, Mitchell Silber-

berg & Knupp LLP, Timothy M. Rusche, Thomas R. Kaufman, Seyfarth Shaw LLP, Los Angeles, CA, Scott J. Ferrell, Julie R. Trotter, Scott P. Shaw, Call, Jensen & Ferrell, Newport Beach, CA, William James Dritsas, Esq., Seyfarth Shaw LLP, James Severson, Eileen O'Brien, Bingham McCutchen, LLP, San Francisco, CA, Scott K. Dauscher, Atkinson Andelson Loya Ruud & Romo, Cerritos, CA, for Defendants.

Proceedings: **ORDER GRANTING RE-FINERY DEFENDANTS 12(b)(6) MOTION [67] AND DISMISSING ACTION**

OTIS D. WRIGHT II, District Judge.

I. *INTRODUCTION*

This action involves a labor dispute between a class of employees ("Plaintiffs") and their defendant-employer Brinderson Constructors, Inc. ("Brinderson"), on the one hand, and Plaintiffs and several of Brinderson's oil-industry clients ("Refinery Defendants"), on the other. Plaintiffs' operative complaint alleges six causes of action. The first five are wage and hour claims against Brinderson. A class action involving these very claims has been pending in California state court since 2004. These five claims also provide the necessary unlawful predicate acts for Plaintiffs' sixth cause of action, the alleged violation of California Labor Code section 2810 by the Refinery Defendants.[1]

The matter is now before the court on the Refinery Defendants' Motion to Dismiss the sixth cause of action from Plaintiffs' Second Amended Complaint ("SAC"). This court previously dismissed that same claim with leave to amend. (*See* May 27, 2008 Order.) After considering the SAC and the parties' arguments, the sixth cause of action is hereby DISMISSED WITHOUT LEAVE TO AMEND. Further, the court declines to exercise supplemental jurisdiction over the remaining state law claims and, accordingly, the first five claims against Brinderson are also DISMISSED.[2]

II. *DISCUSSION*

*1. Legal Standard: Motion to Dismiss*

While a complaint attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to

---

1. California Labor Code section 2810 holds contractors* clients liable to the contractors' employees in certain circumstances. It provides in relevant part:

    (a) A person or entity may not enter into a contract or agreement for labor or services with a construction, farm labor, garment, janitorial, or security guard contractor, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

2. As the court noted in its prior order, Plaintiffs' sixth claim invokes this court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The first five claims against Brinderson arise under California's Labor Code, and Plaintiffs and Brinderson are not diverse. Thus, those claims are only cognizable under this court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

    Because the sole claim invoking this court's original jurisdiction fails, however, the court declines the exercise of supplemental jurisdiction in this case. *See, e.g., Murphy v. Kodz,* 351 F.2d 163, 167–68 (9th Cir.1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, *it is* ... akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted).

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)) (courts need not "accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* —— U.S. ——, 127 S.Ct. at 1965, 167 L.Ed.2d 929 (citations omitted).

"Leave need not be granted where the amendment [ ] would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Prop., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint") (citations omitted).

### 2. *Plaintiffs Fail to State a Claim Against the Refinery Defendants*

*Cal. Labor Code Section 2810*

Before turning to the insufficiency of Plaintiffs' allegations, it is necessary to briefly expound on Section 2810. California courts have not addressed this statute, and Plaintiffs appear to misunderstand its dictates. We begin, as we must, with the text of the statute. It provides, in relevant part:

(a) A person or entity may not enter into a contract or agreement for labor or services with a construction, farm labor, garment, janitorial, or security guard contractor, where the person or entity *knows or should know that the contract or agreement does not include funds sufficient* to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

(b) There is *rebuttable presumption affecting the burden of proof that there has been no violation* of subdivision (a) where the contract or agreement with a construction, farm labor, garment, janitorial, or security guard contractor meets all of the requirements in subdivision (d).

Cal. Lab.Code § 2810(a)-(b) (emphasis added).

■ Although the parties offer the legislative history of Section 2810, such material is unnecessary where, as here, the statute is clear. *See, e.g., On–Line Power, Inc. v. Mazur,* 149 Cal.App.4th 1079,. 57 Cal.Rptr.3d 698, 702 (Ct.App.2d Dist.2007) ("Our primary purpose is to determine the intent of the Legislature, and if the words of a statute are unambiguous, there is no need for construction."). Nevertheless, to the extent that the legislative history may aid the court's discussion, the parties' requests for judicial notice are GRANTED.

Under Section 2810(a), an entity is liable "where the entity knows or should know that the contract or agreement [it entered] does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws." This language unambiguously predicates an entity's liability on its entering into a contract with actual or constructive knowledge of the insufficiency of the funds. Thus, in order to state a claim against the Refinery Defendants, Plaintiffs must not merely allege that Brinderson violated applicable labor laws (*see* Opp'n at 9–12) but also that the Refinery Defendants knew or should have known that their contracts with Brin-

derson did not include sufficient funds for Brinderson to comply with those laws.

### Insufficiency of Plaintiffs' Allegations

■ In dismissing Plaintiffs' FAC, this court noted that "Plaintiffs offer no facts in support of [the Section 2810] claim, and whatever 'facts' may be gleaned from the FAC are purely speculative." (May 27, 2008 Order at 2.) The SAC fares no better. Although the SAC purports to remedy the pleading deficiencies, Plaintiffs' new allegations fall woefully short of "nudg[ing] their claims across the line from conceivable to plausible." *Twombly,* — U.S. —, 127 S.Ct. at 1974, 1965, 167 L.Ed.2d 929 ("Factual allegations must be enough to raise a right to relief above the speculative level ...."). Quite the opposite, Plaintiffs' scattered allegations and incongruous arguments firmly ground this claim in conjecture.

First, Plaintiffs' allegations are neither factual nor pertinent; they are conclusory and tenuous. For example, Plaintiffs allege that the Refinery Defendants were "aware of the labor code violations ... and in fact required [Brinderson] to adopt the overtime schedule they did for production." (SAC 158) ("Refinery Defendants were also aware [Brinderson] workers were not taking second meal periods after working 10 and 12 hours in a day."). Plaintiffs nowhere allege *facts,* however, to demonstrate that the Refinery Defendants knew about the alleged violations, and their allegation that the Refinery Defendants "required [Brinderson] to adopt [an] overtime schedule" does not raise a reasonable inference of impropriety. Such empty assertions are decidedly insufficient, even at this early stage. *See Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir.2007) ("Conclusory allegations and unreasonable inferences [ ] are insufficient to defeat a motion to dismiss.") (citations omitted).

Second, Plaintiffs' bare allegations are also inconsequential; they neither speak to the alleged under-funding of the contracts nor the Refinery Defendants' knowledge thereof, which, after all, are the necessary elements of a Section 2810 claim. Indeed, the court has found but a single allegation in the SAC relevant to the 2810 claim. Specifically, Plaintiffs allege the Refinery Defendants "knew or should have known that the contracts did not include funds sufficient to comply with all applicable labor laws since [Brinderson] was the lowest bidder for this work." (SAC ¶ 61.) This allegation is futile because it rests on a wholly untenable (and absurd) inference.

While the court does not purport to be an authority on the construction industry, it is sufficiently qualified to note that, ordinarily, the lowest bidder is also the winning bidder—that is the very nature of the process. (*See* Mot. at 10.) Without digressing into the subtleties of the matter, the court would be remiss were it to impose a presumption of wrongdoing on an entity merely for accepting the lowest of several bids. The grievous implications of Plaintiffs' proposition are readily apparent and require no explication. Suffice it to say, this allegation, without more, does not raise Plaintiffs' right to Section 2810 relief above the speculative level. *See Twombly,* — U.S. —, 127 S.Ct. at 1965, 167 L.Ed.2d 929.

Finally, Plaintiffs' allegations themselves compel the conclusion that the 2810 claim is purely speculative. Among other things, Plaintiffs concede throughout their papers that they have not seen the contracts at issue, yet speculate that those contracts neither include sufficient funds for Brinderson to comply with applicable labor laws nor the necessary elements to entitle the Refinery Defendants to Section 2810(b)'s rebuttable presumption. (*See* SAC; Opp'n.) And, were that not enough,

Plaintiffs' rampant guesswork never once accounts for, nor differentiates between, the separate contracts that Brinderson entered into with each of the six different Refinery Defendants. Simply, Plaintiffs may not proceed with this claim based on such vacuous allegations.[3]

*Plaintiffs' Arguments in Opposition*

■ Shifting strategies, Plaintiffs next argue that the court "applied the incorrect burden of proof in a Labor Code Section 2810 claim." (Opp'n at 9.) Specifically, Plaintiffs argue they need not allege facts against the Refinery Defendants because, once they plead (and prove) Brinderson's liability under the applicable labor laws, the Refinery Defendants "are *presumed* to be jointly liable for these Labor Code violations." (Opp'n at 10) (emphasis in original). Plaintiffs do not explain how Section 2810 relieves them of the duty to plead their claim, however, and the statute forecloses their reading.

Far from suggesting such a result, the statute clearly predicates 2810 liability on actual or constructive knowledge. Subdivision (a) expressly includes a knowledge requirement, and subdivision (i) thoroughly defines the requisite knowledge "for purposes of this section." *See* Cal. Lab. Code § 2810(i)(1)-(3). This language is clear, conclusive, and cannot be so brazenly ignored. *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir.2005) ("If the language of the statute is clear and unambiguous, the statutory analysis ends.") (citing *Delaney v. Superior Court*, 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 789 P.2d 934 (1990)); *see also Nygard, Inc. v. Uusi–Kerttula*, 159

Cal.App.4th 1027, 72 Cal.Rptr.3d 210, 217 (2008) ("Under well-established principles of statutory construction, we must accord[ ] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose, [citations], avoiding an interpretation that renders a part of the statute ... surplusage.") (internal quotations and citations omitted).

■ And, to the extent that Plaintiffs' "presumed liability" argument appears based on subdivision (b), that reliance is unfounded. Subdivision (b) merely affords defendants that meet the requirements of subdivision (d) a rebuttable presumption (affecting the burden of proof) that they did not violate Section 2810. "The effect of a presumption affecting the burden of proof is to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." *Kopping v. Workers' Comp.App. Bd.*, 142 Cal.App.4th 1099, 48 Cal.Rptr.3d 618, 623 (2006) (citation omitted). It is not to turn legal theory on its head by quietly reversing the ultimate burden of proof. Subdivision (b) notwithstanding, the ultimate burden of proof is not on defendants to prove their non-violation of the statute, but on plaintiffs to prove their 2810 claim.

As the Supreme Court aptly observed: "Perhaps the broadest and most accepted idea is that the person who seeks court action should justify the request, which means that the plaintiffs bear the burdens [of pleading and proving] the elements in their claims." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (citation omitted). Plaintiffs cannot so fundamentally distort

---

**3.** Contrary to Plaintiffs' assertion, the court's prior order did not place upon them the heavy burden of producing the relevant contracts in order to survive a motion to dismiss. (*See* May 27, 2007 Order at 3) ("Plaintiffs neither offer the contracts at issue nor any

facts whatsoever [ ] to suggest that they are entitled to relief under section 2810(a).''). Nor will the court now order the production of those contracts. It is Plaintiffs' duty to investigate the factual bases of their claim before filing suit. *See* Fed.R.Civ.P. 11

Section 2810 as to obliterate this truism. Nothing in subdivision (b) purports to reverse this general rule, and the statute as a whole counsels against such interpretation. As discussed above, that reading would defy clear legislative intent (and sound statutory construction) by displacing the knowledge provisions of 2810(a) and 2810 ®. *See Grunwald,* 400 F.3d at 1126 ("If the language of the statute is clear and unambiguous, the statutory analysis ends."); *Viceroy Gold Corp. v. Aubry,* 75 F.3d 482, 490 (9th Cir.1996) ("[W]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.") (quoting *Woods v. Young,* 53 Cal.3d 315, 323, 279 Cal.Rptr. 613, 807 P.2d 455 (1991)).

Properly understood, Section 2810(a) places on plaintiffs the burden showing that defendants entered into contracts knowing them to be insufficient. Subdivision (b) does not presume defendants liable unless they produce contracts that comply with subdivision (d). Rather, it gives defendants a presumption of innocence if they do produce such contracts. Put differently, subdivision (b) does not relieve plaintiffs of their duty to plead a cause of action, but may be invoked by defendants *after* plaintiffs establish a claim under Section 2810(a). This straightforward interpretation harmonizes the different provisions of Section 2810 and effectuates the legislative intent.[4]

---

4. Plaintiffs repeatedly refer to "the Legislative History for 2810" but never point to language supporting their interpretation. (*See* Opp'n at 10–12.) Defendants, on the other hand, rightly point out that Section 2810 does not require written contracts, much less written contracts that comply with subdivision (d). (*See* Refinery Defs' Request for Judicial Notice, Exh. A at 4) ("This measure does not require written contracts, rather it encourages them for sound business practices."). This buttresses the court's interpretation, whereby subdivision (b)'s presumption merely

*The 2810 Claim is Dismissed Without Leave to Amend*

▮ "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon,* 866 F.2d at 1160. Plaintiffs have twice amended their complaint, and further amendments will not likely cure the pleading deficiencies. Plaintiffs' improper surreply, filed days before the hearing on this motion, demonstrates the futility of further amendment.

Specifically, in seeking leave to amend (or a continuance), Plaintiffs emphasize that they will soon receive the contracts between Brinderson and the Refinery Defendants. Plaintiffs' counsel will then "see if any Refinery Defendant meets the burden of 2810(d). If so, those Defendants would be dismissed. If not, then this court can ask for an in-camera inspection of the contracts and order Judge [Gail A.] Andler to allow it." (Surreply at 2–3.) Aside from this court's disinclination to order a state court judge to modify a protective order, as Plaintiffs propose, inspection of those contracts, without more, cannot show that the Refinery Defendants entered into contracts with Brinderson knowing that they did not include sufficient funds to comply with California's labor laws. Contextual information is necessary to frame the inquiry.

For example, in order to determine whether the disparity between other bids

---

"encourages" compliance, and dispels Plaintiffs' argument that defendants are presumed liable absent compliant contracts.

Lastly, the court is unpersuaded by Plaintiffs' difficulty in proving matters within Defendants' knowledge. *See* McCormick on Evidence § 337 ("Very often one must plead and prove matters as to which his adversary has superior access to the proof. Nearly all required allegations of the plaintiff in actions for tort or breach of contract ... describe matters peculiarly in the defendant's knowledge.").

and Brinderson's raises an inference that the Refinery Defendants knew Brinderson's bid was too low, the court will require the amounts submitted by other contractors. This is not to suggest that such a comparison is the only way to demonstrate the Refinery Defendants' knowledge. It is simply an example, elaborating on Plaintiffs' own argument (that Brinderson's low bid imputes knowledge to the Refinery Defendants), of why Plaintiffs' exclusive reliance on the contracts is misplaced.[5]

■ In sum, it is plaintiffs' duty to investigate and discover the factual bases of their claims before filing a complaint; discovery is not an open range for plaintiffs to ride roughshod in the hope that their claims may find support. Here, Plaintiffs have had ample opportunity to cure their pleadings but have failed to do so. Accordingly, the sixth cause of action is hereby DISMISSED WITHOUT LEAVE TO AMEND.[6]

### 3. The Court Declines to Exercise Supplemental Jurisdiction

■ As discussed above, the sole claim invoking this court's original jurisdiction was the 2810 claim against the Refinery Defendants. The first five claims against Brinderson are only cognizable under this court's supplemental jurisdiction. Since the 2810 claim has been dismissed from this action, the court will not exercise supplemental jurisdiction over the remaining state law claims. *See Murphy*, 351 F.2d at 167–68 ("[T]he existence of power to adjudicate a controversy is not always co-extensive with the propriety of its exercise. [citations] Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is ... akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted).

Accordingly, the first five claims against Brinderson are hereby DISMISSED. This dismissal is especially appropriate because, while this court has not even begun to evaluate the merits of those claims, California courts have been grappling with Plaintiffs' claims against Brinderson for the past four years.

### III.   CONCLUSION

Plaintiffs fail to state a claim under California Labor Code section 2810, and this sixth cause of action is hereby DISMISSED WITHOUT LEAVE TO AMEND. The court declines to exercise supplemental jurisdiction over the remaining state law claims against Brinderson and, accordingly, claims one through five are also DISMISSED. Brinderson's motions to dismiss, stay and/or strike are all rendered MOOT.

**SO ORDERED.**

5.  Plaintiffs' reliance on those contracts appears to stem from their misunderstanding of the burden of proof. Again, the Refinery Defendants are not presumed liable in the absence of contracts that comply with Section 2810(d), but will be presumed not liable if they opt to produce such contracts *after* Plaintiffs meet their initial burden of establishing a *prima facie* case under Section 2810(a).

While Plaintiffs' misunderstanding of the burden of proof is baffling and unreasonable,

it appears genuine. Were it not, sanctions would have been in the offing for Plaintiffs.

6.  In their surreply, Plaintiffs request a continuance until they receive the contracts from Brinderson. The Refinery Defendants object to the surreply and the similarly improper request. The court agrees with Defendants that those papers need not be considered, but, given the court's discussion above, Plaintiffs' request has been considered and is DENIED.