Filed 6/27/13  Carra v. Gallaher CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LISA MARIE CARRA, | |
| Plaintiff and Respondent, | E054041 |
| v. | (Super.Ct.No. INC072503) |
| LINDA MARIE GALLAHER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.  Affirmed.

Archer Norris and W. Eric Blumhardt; Stafford & Associates and Timothy J. Stafford for Defendant and Appellant.

Biren/Katzman and Matthew B.F. Biren for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant Linda Marie Gallaher appeals from the trial court's order denying in part her request for costs following judgment in her favor in plaintiff Lisa Marie Carra's personal injury action.  Gallaher contends:  (1) she was the sole prevailing party under

1

Code of Civil Procedure[1] section 1032; (2) the trial court improperly considered settlement proceeds Carra recovered from Gallaher's insurance carriers to resolve a coverage dispute in determining who was the prevailing party; and (3) she was entitled to augmented costs under section 998.  We find no error, and we affirm.

## II.  FACTS AND PROCEDURAL BACKGROUND

In April 2007, Carra suffered devastating personal injuries when she drove her vehicle through a barricade and over an earthen berm located just past where Shield Road dead ends in the City of Indio (City).[2]  Carra filed a complaint for damages against the City alleging a dangerous condition of public property, specifically, that the City negligently failed to maintain the barricade and warning signs.  The City filed a cross-complaint for indemnity against Garden Cove, LLC (not a party to this appeal) and Gallaher.  Carra later amended her complaint to designate Gallaher as defendant Doe 2, alleging that Gallaher owned the property on which the berm was located.  Gallaher in turn filed a cross-complaint for indemnity against the City.  Gallaher admitted in her deposition and in interrogatory responses that she owned the property where the berm was located.  She filed a motion for summary judgment on the ground that she did not build the berm.  The motion was denied.

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Carra, a vocational school teacher, had responded to a middle-of-the-night telephone call from a student pleading for a ride, and she was driving in an unfamiliar area searching for the student.

2

At the time of the accident, Gallaher was insured under several insurance policies with total coverage of $3.4 million: a condominium unit owner's policy having liability limits of $100,000 per occurrence and a $2 million personal umbrella policy with State Farm Insurance Company (State Farm); a dwelling owner's policy having liability limits of $300,000 with Axis Insurance Company (Axis); and a commercial policy having general liability limits of $1 million per occurrence with Sequoia Insurance Company (Sequoia).

In September 2009, Carra settled her claims against the City for $5.5 million. Over Gallaher's opposition, the trial court confirmed the settlement as one made in good faith. The City thereafter dismissed its cross-complaint.

In March 2010, Gallaher filed a motion for judgment on the pleadings, claiming that a survey had shown she did not in fact own the property on which the berm was located but instead owned an easement to use it. In response, Carra amended her complaint to allege that Gallaher did not own the property where the accident occurred in fee simple, but rather owned a "right of way easement" on the property, and as the holder of the easement, maintained the right of way in an unsafe condition. Gallaher's motion for judgment on the pleadings was taken off calendar.

Gallaher tendered the defense and indemnity of Carra's action to State Farm and Sequoia and tendered the claim to Axis for purposes of indemnity in the event of a judgment against her. State Farm agreed to provide a defense subject to a reservation of rights but filed an action against Gallaher, Carra, and others not parties to this appeal

3

seeking a declaration that it had no obligation to defend or indemnify for damages in the underlying action.

In July 2010, Gallaher served Carra with an offer to settle under section 998. Gallaher offered to pay Carra $230,000, and each party would bear its own costs and attorney fees. Gallaher's offer expired, and Carra served Gallaher with her own offer to settle for $1,099,999 with each party to bear its own costs. That offer was not accepted.

During trial, Carra entered into a settlement agreement with State Farm, Axis, and Gallaher. The settlement agreement stated: "Gallaher, State Farm, Axis, and Carra have agreed, on the terms and conditions set forth in this agreement, to settle the dispute between and among them regarding State Farm's obligations under the condominium unitowners policy and the personal liability umbrella policy with respect to the *Carra v. Gallaher* action and regarding Axis' potential duty to indemnify in *Carra v. Gallaher* action." State Farm paid $100,000 "to fully and finally settle the dispute regarding its obligations related to the *Carra v. Gallaher* action, and to obtain a covenant not to execute on any eventual judgment against Gallaher in the Underlying Action[]." Axis paid $300,000 to similarly settle "the dispute regarding its obligations . . . ." In the release provisions of the settlement agreement, Gallaher, State Farm, and Axis agreed to release each other from all claims arising from or connected to Carra's action against Gallaher, "including those for reimbursement of defense fees and costs, settlement expenses or other expenses or payments, whether made under the State Farm or Axis insurance polices . . . or otherwise . . . ." Carra agreed to release State Farm and Axis

4

"from any and all claims that may ultimately exist for indemnity for an eventual judgment" in her action against Gallaher, "including, but not limited to, rights pursuant to Insurance Code § 11580." Carra also agreed to execute on any eventual excess judgment against Sequoia only. Thus, following the settlement, Sequoia was the only party remaining at financial risk.

Carra also entered into an agreement with Gallaher entitled "Assignment of action in Exchange for Covenant Not to Execute," under which she retained her right to litigate her lawsuit "against Gallaher through trial to determine the amount of damages, if any, to which [she] could be entitled against Gallaher."

The case proceeded to trial, and the jury returned a verdict finding that although Gallaher exercised control over the property on which the berm was located, she was not negligent in her use or maintenance of the property or in the creation of the berm. Judgment was entered in Gallaher's favor; the judgment ordered that Gallaher would recover from Carra "her attorneys fees and costs incurred herein, with interest thereon . . . ."

Gallaher filed a memorandum of costs seeking $130,796, including over $80,000 in expert witness fees and over $6,000 in deposition fees. Carra filed a motion to tax costs on the grounds Gallaher was not a prevailing party under section 1032, and if she was a prevailing party, she was not entitled to expert witness fees under section 998 because her settlement offer did not exceed the $400,000 settlement Carra received from State Farm and Axis.

5

In support of Gallaher's request, her counsel argued that the settlement agreement was "really" about State Farm's separate action for declaratory relief and that "[m]oneys were paid and Carra was released from that action, that coverage action; however, the underlying action of Carra versus Gallagher [*sic*], which is the personal injury action, it proceeded, as you know, and it went to trial, and there were dismissals as a result of the settlement agreement even though moneys were paid."

The trial court granted Carra's motion to tax costs, explaining, "The court views this as a hybrid situation and finds that Carra was the prevailing party through the date of the partial $400,000 settlement with [Gallaher]. However, from that date forward, [Gallaher] was the prevailing party as the jury found in her favor. [Gallaher] is not entitled to any costs incurred prior to the date of settlement with Carra and is not entitled to 'enhanced' costs under the provisions of Code of Civil Procedure section 998. . . ." The trial court awarded Gallaher $1,545 in costs as the prevailing party but struck all other costs.

### III. DISCUSSION

#### A. Request for Judicial Notice

Gallaher has filed a request for this court to take judicial notice of (1) State Farm's first amended complaint for declaratory relief and State Farm's requests for dismissal of its action against Carra and against all other parties.. We reserved ruling on the request for consideration with the appeal. We now grant the request.

6

**B. Prevailing Party Under Section 1032**

Section 1032, subdivision (b) provides that "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (See also *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198.) In this case, we consider whether the trial court correctly ruled there can be more than one prevailing party for purposes of section 1032.

A "prevailing party" includes "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. . . ." (§ 1032, subd. (a)(4).) "In situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides . . . ." (*Ibid.*) When the trial court exercises its discretion to determine the prevailing party, the court "compare[es] the relief sought with that obtained, along with the parties' litigation objectives as disclosed by their pleadings, briefs, and other such sources. [Citations.]" (*On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1087 (*Mazur*).)

Here, the trial court ruled that both Carra and Gallaher had been prevailing parties within the meaning of section 1032, albeit sequentially. The trial court found that Carra was the prevailing party through the date of the settlement because she obtained her

7

litigation objective of recovering money, and Gallaher was the prevailing party from that point forward because she obtained judgment in her favor after trial.

In *Mazur*, the plaintiff settled his claims against his former employer for unpaid wages under a section 998 offer of compromise in the amount of $25,000; the offer of compromise called for a dismissal with prejudice rather than entry of judgment and was silent as to attorney fees. (*Mazur*, *supra*, 149 Cal.App.4th at p. 1083.) The plaintiff moved for recovery of costs and statutory attorney fees, but the defendant opposed the motion on the ground the plaintiff was not a prevailing party because dismissal with prejudice had been entered in the defendant's favor. (*Ibid.*) The trial court ruled that the plaintiff was not entitled to statutory attorney fees and therefore denied his motion for attorney fees but awarded him costs. On the plaintiff's appeal, the court reversed and remanded the matter for the trial court for resolution of factual issues, including whether the plaintiff's unpaid compensation was wages for purposes of statutory entitlement to attorney fees. The court further directed the trial court to determine which party had prevailed. The plaintiff argued he was the prevailing party because he had received a monetary recovery, while the defendant argued it was the prevailing party because it had obtained a dismissal with prejudice in its favor. The court stated in dicta that "[b]ecause both parties achieved a status that Code of Civil Procedure section 1032 defines as a prevailing party, arguably this action falls into the 'situation other than as specified' category, calling for an exercise of the trial court's discretion. [Citation.]" (*Id*. at p. 1087.)

8

Likewise, in *Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1264 (*Wohlgemuth*), the court agreed with the *Mazur* court's dicta that when both parties may be defined as prevailing parties under section 1032, the trial court should exercise discretion as to an award of costs and fees. In *Wohlgemuth*, the buyers of a motor home sued the manufacturer of the engine under the Song-Beverly Consumer Warranty Act and then dismissed the action after obtaining a $50,000 settlement. (*Wohlgemuth*, *supra*, at p. 1256.) The defendant appealed, but the court rejected the defendant's argument that the plaintiffs could not be the prevailing party as a matter of law because section 1032, subdivision (a)(4) defines a defendant in whose favor a dismissal was entered as a prevailing party. (*Wohlgemuth*, *supra*, at pp. 1263-1264.) The court explained, "Code of Civil Procedure section 1032, subdivision (a)(4), *also* provides that a '"[p]revailing party"' is 'the party with a net monetary recovery.' Here, plaintiffs were the party with a net monetary recovery. In cases where *both* parties achieved a status that Code of Civil Procedure section 1032 defines as a prevailing party, the action 'falls into the "situation other than as specified" category, calling for an exercise of the trial court's discretion.' [Citation.]" (*Wohlgemuth*, *supra*, at p. 1264, quoting *Mazur*, *supra*, 149 Cal.App.4th at p. 1087.)

As the *Mazur* and *Wohlgemuth* courts implicitly recognized, the four definitions of "prevailing party" in section 1032, subdivision (a)(4) are not always mutually exclusive. We agree that in circumstances such as those presented in the instant case, the situation is

9

"other than as specified" (§ 1032, subd. (a)(4)) and the trial court properly exercised its discretion in determining that both Carra and Gallaher had been prevailing parties.

Gallaher argues, however, that the trial court improperly considered settlement proceeds Carra recovered from Gallaher's insurance carriers to resolve a coverage dispute in determining who was the prevailing party; In *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175 (*Chinn*), on which Gallaher relies, the plaintiff brought a personal injury action against the manager, management company (KMR), and owner (CPLP) of the apartment complex where the plaintiff was injured. (*Id.* at p. 180.) The plaintiff accepted KMR and CPLP's section 998 offer to settle for $23,500, and in exchange, she dismissed the action. (*Chinn*, *supra*, at p. 181.) Thereafter, she filed a memorandum of costs and requested attorney fees under a provision of her lease agreement. As against KMR and CPLP, the court found Chinn was the prevailing party with a net monetary recovery but denied her request for contractual attorney fees. (*Ibid.*) On Chinn's appeal, the court stated that "[c]onstruing the term 'net monetary recovery' in context . . . the Legislature did not intend to include settlement proceeds received by a plaintiff *in exchange for a dismissal in favor of the defendant*." (*Id.* at p. 188; italics added.) The *Chinn* court disagreed with the *Mazur* dicta discussed above and held that section 1032 does not contemplate that both parties could qualify as prevailing parties. (*Chinn*, *supra*, at p. 189.)

As discussed above, we agree with the *Mazur* dicta rather than *Chinn*'s rejection of that analysis. Moreover, *Chinn* is distinguishable because in the present case, the

10

partial settlement was not made in exchange for the voluntary dismissal of the action. Rather, the settlement resulted in Carra obtaining substantial economic benefit and in Gallaher and her settling insurers eliminating the prospect of substantial financial detriment if Carra prevailed at trial.

Gallaher also cites *Moffett v. Barclay* (1995) 32 Cal.App.4th 980, for the proposition that an insurance company is not the insured's agent for purposes of settling an action, and the settlement proceeds received from the defendant's insurers to resolve a coverage dispute should not be considered in determining whether Carra was a prevailing party. *Moffett* is distinguishable. In that case, the plaintiff served an offer to compromise on the defendant's insurer, not on the defendant, and the trial court later awarded the plaintiff prejudgment interest when she prevailed at trial after the insurer failed to accept the compromise offer. (*Id*. at p. 982.) Those circumstances have nothing to do with the present case. Although a coverage dispute had arisen as between Gallaher and her insurers, the insurers ultimately paid money to Carra by virtue of her lawsuit against Gallaher arising from her personal injuries. Carra had no other interest in whether or not Gallaher had insurance coverage for her claims.

We conclude the trial court properly considered Carra's settlement proceeds in determining that she was a prevailing party. Her settlement of $400,000 exceeded Gallaher's section 998 settlement offer of $230,000; thus, the trial court did not abuse its discretion in its ruling on Gallaher's request for costs under section 998.

11

## IV.  DISPOSITION

The judgment is affirmed.  Costs are awarded to plaintiff and respondent.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

MCKINSTER
J.

12