Filed 8/20/14  Briscoe v. The Painted Nail CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CHALET ASKEW BRISCOE, | B252066 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC489664) |
| v. | |
| THE PAINTED NAIL et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Fruin, Judge.  Affirmed and remanded for determination of attorney's fees.

Jeff Katofsky for Defendant and Appellant The Painted Nail and Katheryn Cazorla.

Law Offices of Jonathan J. Delshad and Jonathan J. Delshad for Plaintiff and Respondent Chalet Askew Briscoe.

_____

The Painted Nail and Kathryn Cazorla (Painted Nail) appeal the court's judgment entered pursuant to Code of Civil Procedure section 998. We affirm and remand to the trial court for the determination of attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Briscoe filed a complaint asserting five causes of action, claiming that Painted Nail terminated her in retaliation for submitting accusations of legal offenses to the State Board of Cosmetology. She included a cause of action alleging a violation of Labor Code section 201 for Painted Nail's delay in sending her final paycheck, asserting a request for attorney's fees under Labor Code section 218.5.

Painted Nail prepared and sent to Briscoe's counsel a section 998 offer to compromise: "TO PLAINTIFF AND TO HER ATTORNEY OF RECORD: Defendants…jointly offer to have judgment entered against them in favor of plaintiff in the amount of Twenty-Five Thousand Dollars ($25,000.00) pursuant to Section 998 of the Code of Civil Procedure. Payment of such shall include a complete release and dismissal of all claims by plaintiff. This offer may be accepted pursuant to the terms and conditions of Section 998, and if not timely accepted, it is permanently withdrawn."

Briscoe's counsel timely accepted the offer, in writing: "TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that plaintiff Chalet Askew Briscoe ("Plaintiff") hereby accepts defendants The Painted Nail LLC and Katie Cazorla ("Defendant") Code of Civil Procedure §998 offer to allow judgment to be entered in Plaintiff's favor and against Defendant for the sum of $25,000.00."

Painted Nail did not assert, at the time it received the response, that the acceptance did not comply with the law. Appellant's actions at the time, including the filing of a motion to enforce the settlement, were consistent with the belief that there was no deficiency in the acceptance. At oral argument, Briscoe's counsel confirmed that the acceptance was, as legally required, an acceptance of all terms of the Code of Civil Procedure section 998 offer.

2

After the acceptance, Painted Nail e-mailed Briscoe a lengthy general release and dismissal document.  Briscoe's counsel refused to sign the release, asserting it contained terms and conditions inconsistent with the section 998 offer.[1]  Painted Nail also filed notice of the section 998 offer with the court.  One day later, Painted Nail filed a motion to enter judgment pursuant to section 664.6, or alternatively, to vacate the proposed judgment pursuant to section 473(b).[2]  Briscoe then filed a separate motion for attorney's fees under Civil Code section 1021.5 and Labor Code section 218.5.

The trial court denied Painted Nail's motion.  It declined to enter judgment pursuant to section 664.6 because Painted Nail had failed to present evidence of an agreement personally executed by the litigants.  The court denied the request to vacate the proposed judgment because Painted Nail failed to establish excusable neglect by its counsel in drafting the section 998 offer.  The trial court denied Briscoe's motion for fees under section 1021.5, but awarded Briscoe attorney's fees under Labor Code section 218.5.  he court entered judgment in favor of Briscoe.

Painted Nail appeals.

## DISCUSSION

### I.  The Trial Court Properly Denied the Motion to Enter Judgment

On appeal, Painted Nail argues that the trial court abused its discretion by failing to enter judgment enforcing the material terms of the section 998 offer.  Painted Nail asserts that the section 998 offer contained, as a material term "a complete release and dismissal," embodied by the release it provided to Briscoe after the offer was accepted.

While Painted Nail relies on section 664.6 for its argument, the trial court correctly recognized that the statute precludes the relief appellant seeks.  Section 664.6 requires either a writing signed personally by the parties, or a stipulation made in open

---

[1]     Unless otherwise noted, all subsequent statutory references are to the Code of Civil Procedure.

[2]     The court had not entered judgment at the time the motion was filed.

court.[3]  A written agreement signed by counsel for the parties is not sufficient to invoke the statutory provisions.  (*Cortez v. Kenneally* (1996) 44 Cal.App.4th 523, 528.)  Painted Nail failed at the trial court and at this court to point to a qualifying writing, or to a court record, that would satisfy these requirements.  (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

## II.  The Trial Court Properly Denied the Motion to Vacate Judgment

Painted Nail contends in the alternative that the trial court erred in refusing to vacate the judgment under section 473(b).  Painted Nail argues that its counsel is responsible for a drafting error in the section 998 offer by failing to include the terms later included in the draft release; that this resulted in the award of attorney's fees; and that this represented excusable neglect.[4]  As a result, Painted Nail argues that the trial court should not have enforced the section 998 offer by judgment.  The trial court found that the record does not demonstrate excusable neglect.  The trial court was correct.

Section 473(b) states, in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  We will not disturb the trial court's ruling absent a showing of abuse of discretion.  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)  We find no such abuse here.  For an attorney's error to provide the basis of relief, it must not be conduct below the standard of care.  (*Id.* at p. 258).  Section 473(b) does not provide a safety valve against attorney malpractice.

---

[3]  "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

[4]  Painted Nail did not identify, either at the trial court or at this Court, any unrelated claims that should have been released and were not merged in the judgment.  While Painted Nail is entitled by the terms of the offer to a general release under Civil Code section 1542, it has not asserted any other claims subject to release.

When a section 998 offer is silent as to attorney's fees, the prevailing party has a right to recover available fees, even where the offer includes, as did this one, a provision for release of claims. (*Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 169.) It is a "bright-line rule" that a section 998 offer excludes attorney's fees only if it says so expressly. (*Ibid.*) Broadly worded release and dismissal clauses cannot waive a prevailing party's fee claim. (*Ibid.* [the broad portion of the section 998 offer in *Engle* stated: "the judgment…shall be in exchange for a release and discharge of any and all claims of whatever nature (substantive and procedural) which the plaintiff may have against the defendants".]) As a result, section 473 relief is not available where counsel's asserted excusable neglect is the failure to discuss attorney's fees and costs in a section 998 offer. (*Pazderka v. Caballeros Dimas Alang, Inc*. (1998) 62 Cal.App.4th 658, 671 [court reversed order setting aside judgment on section 998 offer because attorney error concerning fees is not basis for section 473 relief].)

## III. Contract Law Principles

Painted Nail asserts that the trial court made a finding "that [Briscoe] and [Painted Nail] never agreed on the meaning of a 'complete release and dismissal of all claims by plaintiff." On that basis , it argues that the parties lacked mutual consent on the understanding of the terms of "a complete release and dismissal" and that the offer was unenforceable.

However, the trial court made no such finding, nor did it consider the issue. By the terms of the offer, consistent with the statute, defendant offered to have judgment entered against it; judgment was properly entered by the trial court. Painted Nail is correct, as conceded by Briscoe, that it is entitled to a release under Civil Code section 1542. While the parties agreed to a dismissal, neither has identified the effect of a dismissal after the court has entered judgment for the plaintiff, and we find none. No further relief is supported by law.

5

## IV.  The Section 998 Offer Does Not Preclude Attorney Fees

As a distinct and final argument on the terms of the section 998 offer, Painted Nail contends that the trial court erred by not enforcing the section 998 offer as written. Painted Nail argues that because the express terms of the section 998 offer state that the offer is contingent on "a complete release and dismissal," the offer explicitly precludes attorney fees.  Painted Nail advances an interpretation firmly rejected by relevant authority.

As set forth above, when a section 998 offer is silent on attorney fees, the prevailing party may seek them.  (See also *On-Line Power v. Mazur* (2007) 149 Cal.App.4th 1079, 1084.)  Here, the section 998 offer fails to specifically reference and preclude attorney fees.  The trial court did not err by awarding fees to Briscoe.

## V.  Attorney's Fees Were Not Awarded Pursuant to Section 1021.5

Painted Nail finally claims that the trial court erred by awarding attorney fees pursuant to section 1021.5.  The record, however, shows that the trial court made no award of attorney's fees pursuant to section 1021.5.  Rather, it awarded attorney's fees under Labor Code section 218.5.  This argument demonstrates no error.

## VI.  Attorney's Fees on Appeal

Briscoe requests attorney's fees on appeal.  A statute authorizing the recovery of attorney's fees in the trial court also authorizes the recovery of fees on appeal unless the statute specifically provides to the contrary.  (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927.)  Briscoe is entitled to recover attorney's fees for the appeal, in an amount to be determined by the trial court.

## DISPOSITION

The judgment is affirmed.  On remand, Briscoe must file with the court an executed release in compliance with Civil Code section 1542 and shall thereafter be entitled to recover costs.  The trial court is to determine Briscoe's fees on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.[*]

_____

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7