[No. C038640. Third Dist. Nov. 15, 2001.]

CHARLES RITZENTHALER et al., Plaintiffs and Respondents, v. FIRESIDE THRIFT CO., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

## COUNSEL

Bertram C. Izant for Defendant and Appellant.

Law Offices of Joseph M. Earley III and Joseph M. Earley III for Plaintiffs and Respondents.

## OPINION

**RAYE, J.**—Defendant Fireside Thrift Co. (Fireside) appeals from an award of attorney fees in favor of plaintiffs Charles and Lisa Ritzenthaler, contending the Ritzenthalers waived their right to recover attorney fees when they accepted Fireside's offer to compromise under Code of Civil Procedure section 998 (hereafter section 998). We agree with the trial court that the section 998 compromise agreement did not include a waiver of attorney fees. Accordingly, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

The Ritzenthalers sued Fireside for breach of implied covenant of good faith and fair dealing and for engaging in unfair business practices after Fireside, which had financed the Ritzenthalers' purchase of a used car, repossessed the vehicle. The Ritzenthalers alleged that after repossessing the car, Fireside sold it for $151, substantially less than its fair market value, then obtained a deficiency judgment against them for $2,580. The Ritzenthalers claimed Fireside did not conduct the sale in good faith or in a commercially reasonable manner and therefore breached the implied covenant of good faith and fair dealing and engaged in unfair business practices. The Ritzenthalers sought damages and injunctive relief, as well as attorney fees and costs.

At a mediation session, Fireside offered to settle the case for $7,500 and a release from the deficiency judgment, but the Ritzenthalers declined. Shortly thereafter, Fireside sent the Ritzenthalers a written offer to compromise under section 998, offering to "allow a judgment to be entered against it in the amount of $2,001 and to file a satisfaction of judgment with respect to the $2,580 judgment which Fireside has obtained against Plaintiffs in final settlement of all damages and injunctive claims against Fireside arising out of or related to the allegations alleged in this action." The Ritzenthalers responded to Fireside's section 998 offer by offering to settle on the terms Fireside had proposed at mediation, but Fireside indicated the "only outstanding settlement offer is the 998 offer of $2,001."[1] The Ritzenthalers accepted the section 998 offer.

---

[1] In their brief, the Ritzenthalers contend they did not make a counteroffer but instead simply "inquired whether [Fireside's] confidential mediation offer of $7,500 remained available" or "whether [Fireside] would be amenable to further settlement discussions." There is no

Several weeks later, the Ritzenthalers filed a motion pursuant to Civil Code section 1717 seeking $12,500 in attorney fees based on attorney fees clauses in the security agreement and promissory note. Fireside opposed the motion, contending its section 998 offer to compromise did not include an offer to pay the Ritzenthalers' attorney fees. Fireside argued that because it had rejected the Ritzenthalers' offer to settle the case for $7,500, the Ritzenthalers must have known Fireside's section 998 offer to settle for $2,001 did not include an offer to pay the Ritzenthalers' attorney fees. According to Fireside, "the 'extrinsic evidence of intent' establishes that $2,001 was all that Fireside was offering, that attorney fees were not included in the offer and that Plaintiffs had to have known those facts."

In response, the Ritzenthalers asserted that because Fireside's section 998 offer was silent as to attorney fees and costs, they could not be deemed to have waived their right to recover attorney fees and costs by accepting the offer. The trial court agreed with the Ritzenthalers, rejecting Fireside's argument "that circumstances surrounding the settlement of the case indicate the plaintiffs waived their claim for attorney's fees and costs." The trial court entered an amended judgment awarding the Ritzenthalers $12,800 in attorney fees and $748 in costs. Fireside appeals from the attorney fees portion of the judgment.

Discussion

I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II

Turning to the merits, Fireside concedes that, according to its brief, "[t]he general rule is that in an action on a contract which provides for the recovery of attorney fees by the prevailing party, a party who accepts an offer of compromise under section 998 . . . may recover attorney fees after judgment where the compromise offer is silent on attorney fees." (See *Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181 [223 Cal.Rptr. 32].) Nevertheless, Fireside contends the general rule does not apply here because extrinsic evidence shows the parties intended that the amount paid pursuant to the section 998 compromise agreement would include any attorney fees the Ritzenthalers claimed.

---

evidence in the record to support the Ritzenthalers' characterization of their response to Fireside's section 998 offer. In any event, whether the Ritzenthalers' response to the section 998 offer is characterized as a counteroffer or a mere inquiry makes no difference to the outcome of this appeal.

*See footnote, *ante*, page 986.

Fireside contends the substantial evidence rule governs our review of this case, but we disagree. Given the general rule Fireside acknowledges regarding the recoverability of attorney fees in a case such as this, the question is whether the section 998 compromise agreement between Fireside and the Ritzenthalers was intended to encompass any attorney fees the Ritzenthalers otherwise might have recovered from Fireside. Stated another way, did the Ritzenthalers, by accepting Fireside's offer to compromise, agree to waive their right to recover attorney fees from Fireside in a postjudgment motion? To answer that question, we must apply contract principles to determine the parties' intent, interpreting the compromise agreement itself, which is embodied in Fireside's written offer to compromise and the Ritzenthalers' written acceptance of that offer. (See *Lanyi v. Goldblum*, *supra*, 177 Cal.App.3d at pp. 192-193 [court applied contract principles to determine whether parties intended by their § 998 compromise agreement to exclude recovery of attorney fees under Civ. Code, § 1717].) ■ Because there is no conflict in the extrinsic evidence offered to prove the parties' intent, we must interpret the contract independently of the trial court. (See, e.g., *Delucchi v. County of Santa Cruz* (1986) 179 Cal.App.3d 814, 821 [225 Cal.Rptr. 43].) In addition, we must independently determine "whether the evidence offered by [Fireside] is relevant to prove a meaning to which the language of the agreement is reasonably susceptible." (*Ibid.*) If the compromise agreement between the parties is not reasonably susceptible to the meaning advanced by Fireside, then the extrinsic evidence upon which Fireside relies is irrelevant. (See *id.* at p. 824.)

■ As noted above, in its offer to compromise under section 998, Fireside offered to "allow a judgment to be entered against it in the amount of $2,001 and to file a satisfaction of judgment with respect to the $2,580 judgment which Fireside has obtained against Plaintiffs in final settlement of all damages and injunctive claims against Fireside arising out of or related to the allegations alleged in this action." Before accepting the section 998 offer, the Ritzenthalers offered to settle on the terms Fireside had previously proposed in mediation—i.e., for $7,500 and satisfaction of the $2,580 judgment. Fireside declined to resurrect its offer from mediation, and the Ritzenthalers accepted Fireside's section 998 offer.

Fireside contends its rejection of the Ritzenthalers' $7,500 settlement offer while Fireside's own $2,001 section 998 offer was pending proves Fireside intended its section 998 offer "to be inclusive of any attorney fees and that [the Ritzenthalers] knew and understood that intent." Although Fireside's argument is not entirely clear, it appears to go something like this: If Fireside had accepted the Ritzenthalers' offer to settle for $7,500, the case would have been dismissed and the Ritzenthalers "would have had no legal

basis to make any motion for attorney fees" because they could not be deemed the prevailing party. (See Civ. Code, § 1717, subd. (b)(2) ["Where an action has been . . . dismissed pursuant to a settlement of the case, there shall be no party prevailing . . . for purposes of this section."].) By rejecting the Ritzenthalers' offer, Fireside communicated to the Ritzenthalers that it would no longer pay $7,500 to settle the case, but would pay only the $2,001 proposed in its section 998 offer. Because Fireside had refused to pay the Ritzenthalers $7,500 to settle the case, "it was perfectly clear to [the Ritzenthalers] at that time that [Fireside] in its CCP 998 Offer was not offering to pay $2,001, plus $12,500 (or any other significant amount) in attorney fees." Thus, according to Fireside, extrinsic evidence of the parties' negotiations proves the parties intended the section 998 compromise agreement to include any attorney fees the Ritzenthalers otherwise might have recovered from Fireside.

This line of reasoning fails, however, because the compromise agreement is not reasonably susceptible to the meaning Fireside advances. In its section 998 offer to compromise, which the Ritzenthalers accepted as written, Fireside specifically offered to allow a $2,001 money judgment to be entered against it, and to file a satisfaction of the $2,580 judgment it had against the Ritzenthalers, "in final settlement of *all damages and injunctive claims*" the Ritzenthalers were asserting in this action. (Italics added.) A section 998 offer to compromise is "an offer . . . to allow judgment to be taken or an award to be entered *in accordance with the terms and conditions stated at that time*." (§ 998, subd. (b), italics added.) Here, Fireside's offer specifically encompassed "all damages and injunctive claims" asserted by the Ritzenthalers but omitted any mention of any claim for attorney fees the Ritzenthalers might have. The only reasonable conclusion is that attorney fees were not within the scope of the proposed compromise agreement, and the Ritzenthalers did not waive their right to recover their attorney fees from Fireside under Civil Code section 1717 by accepting Fireside's section 998 offer. If Fireside intended its offer to encompass attorney fees, it could easily have said so—for example, by providing in its offer that each side would bear its own attorney fees. (See, e.g., *Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 387 [85 Cal.Rptr.2d 4].) Fireside did not do so, however, and we cannot rewrite the agreement for the parties; we can only interpret the agreement the parties wrote themselves.

A compromise agreement that expressly settles "all damages and injunctive claims," but nothing more, cannot reasonably be interpreted as including a settlement of the plaintiffs' right to recover attorney fees under Civil Code section 1717. Because the compromise agreement did not encompass the Ritzenthalers' claim for attorney fees, the trial court did not err in awarding them $12,800 in attorney fees.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Sims, Acting P. J., and Callahan, J., concurred.