Filed 10/08/20  P. v. Walmart, Inc. CA1/3
(unmodified opinion attached)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WALMART INC.,<br><br>        Defendant and Appellant. | A155886<br><br>(Alameda County<br>Super. Ct. No. RG18-901345)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING;<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on September 21, 2020, be modified as follows:  On page 9, in the last sentence, which begins with "First, Walmart claims the hazardous waste," the word "alleged" is inserted before the words "hazardous waste" such that the sentence now begins with "First, Walmart claims the alleged hazardous waste . . . ."

There is no change in the judgment.

Appellant's petition for rehearing is denied.

Dated:     October 8, 2020          SIGGINS, PJ          , P. J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant and Appellant. | A155886<br><br>(Alameda County<br>Super. Ct. No. RG18-901345) |

     Walmart Inc. (Walmart) challenges an order directing it to comply with investigative interrogatories seeking information related to its hazardous waste disposal policies and practices that potentially violate the Hazardous Waste Control Law (HWCL) (Health & Saf. Code, § 25100 et seq.).  It contends the People's interrogatories serve no relevant purpose because a 2010 consent judgment either resolved or barred investigation into any violations.  Because the interrogatories fall within the broad boundaries of the People's investigative power, and seek information related to potential HWCL violations that are beyond the scope of the consent judgment, we affirm the order.

### BACKGROUND

     The HWCL governs the handling, treatment, recycling, and destruction of hazardous waste before disposal.  (Health & Saf. Code, § 25101, subd. (a).)

1

Hazardous waste generators face civil penalties for each day they are not in compliance with the HWCL.  (See *id.*, §§ 25189, 25189.2.)

## I.    2010 Lawsuit and Consent Judgment

Walmart operates retail facilities throughout California and sells numerous retail products partially comprised of hazardous materials.  In a 2010 lawsuit filed in San Diego County Superior Court, the People, led by the Attorney General and various district attorneys throughout California, alleged Walmart's retail stores and distribution centers failed to properly store, handle, transport, and dispose of hazardous waste and materials in violation of the HWCL and Unfair Competition Law.  (Health & Saf. Code, § 25100 et seq.; Bus. & Prof. Code, § 17200 et seq.; *People v. Wal-Mart Stores, Inc.* (2010, No. 37-2010-00089145-CU-TT-CTL).)  On April 6, 2010, the parties stipulated to a consent judgment resolving claims of violations that occurred on or before February 22, 2010.

The consent judgment "permanently enjoined [Walmart] to comply with [the HWCL]" as well as 14 detailed injunctive provisions incorporating the HWCL and its implementing regulations (Injunction).  Five years from the date of entry of the consent judgment, Walmart could request an order that the Injunction "shall have no prospective force or effect . . . ."  The court "may grant Wal-Mart's request upon determining that Wal-Mart has substantially complied with the obligations set forth in the Consent Judgment."

In November 2017, Walmart asserted it was in substantial compliance and moved to terminate the Injunction.  The People disputed Walmart's substantial compliance with the HWCL but agreed to eliminate the Injunction.  In its January 26, 2018 written decision, the San Diego court agreed with the People and modified the consent judgment by eliminating the Injunction, but declined to find Walmart was in substantial compliance.

2

## II.    2018 Alameda County District Attorney Investigation

In January 2018, the Alameda County District Attorney, pursuant to Government Code section 11180 et seq. and Business and Professions Code section 16759, served several investigative subpoenas and interrogatories on Walmart.  (See Gov. Code, § 11180 ["The head of each department may make investigations and prosecute actions concerning: [¶] (a) All matters relating to the business activities and subjects under the jurisdiction of the department. [¶] (b) Violations of any law or rule or order of the department. [¶] (c) Such other matters as may be provided by law"]; Bus. & Prof. Code, § 16759 [all powers granted to the Attorney General pursuant to Gov. Code, § 11180 et seq. are also granted to district attorneys].)  The interrogatories sought the identities and dates of operation for all of Walmart's California facilities; information for all current and former California Walmart store managers, claims supervisors, and environmental health and safety specialists from April 3, 2010, to the present—at that time January 19, 2018; and information related to potential HWCL violations that the People discovered through field inspections conducted between 2015 and 2017.

Walmart moved to quash the subpoenas, and for a protective order, in the San Diego County Superior Court, which rejected the motion without prejudice.[1]  The People then filed a petition in Alameda County Superior

---

[1] The court ultimately rejected Walmart's motion because its "jurisdiction does not extend to new matters not encompassed by the [consent] judgment."  Further, the court addressed that the People's discovery requests did not conflict with the January 26, 2018 order, that they were not irrelevant, and that they did not violate the consent judgment.  The court noted the following:  "The judgment distinguishes between 'Covered Matters' and 'Reserved Claims.'  Violations that occur after February 22, 2010 are Reserved Claims.  [Citation.]  Any claims for disposals of hazardous waste or

Court (trial court) to compel Walmart's responses to the interrogatories. The trial court granted the petition and Walmart later appealed. After the trial court and this court rejected Walmart's various requests for a stay of the order pending appeal, Walmart responded to the interrogatories.

## DISCUSSION

Walmart argues the People's investigation and interrogatories violate the Fourth Amendment of the U.S. Constitution because the consent judgment resolved or barred prosecution of any possible HWCL violations. We disagree.

### I.  Mootness

At the outset, the People urge us to dismiss Walmart's appeal as moot because Walmart has answered the interrogatories. Although an appeal should be dismissed if it cannot provide any effective relief, courts have the discretion to consider a technically moot appeal if there may be a recurrence of the controversy between the parties. (*Panoche Energy Center, LLC v. Pacific Gas & Electric Co.* (2016) 1 Cal.App.5th 68, 95–96; *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) Here, the broader issue of whether the consent judgment curtails the People's investigatory powers is likely to recur and has recurred. In addition to the interrogatories, the People served subpoenas on Walmart store managers, requesting testimony about their waste management practices. Walmart refused to comply with the subpoenas,

---

claims related to Walmart's disposal of hazardous material that are discovered after the judgment are not Covered Matters. [Citation.] The judgment did not preclude the State from bringing a subsequent action on Reserved Claims. . . . Based on these provisions, the judgment does not cover violations that occur after February 22, 2010."

4

asserting the same arguments it made in its opposition to the interrogatories and in this appeal. At the time the parties briefed this appeal, the People had not yet filed a petition compelling enforcement of the subpoenas. We thus exercise our discretion to consider the appeal.

## II. Investigative Interrogatories

Turning to the merits, we review de novo whether the interrogatories meet the standards for enforcement. (See *State ex rel. Dept. of Pesticide Regulation v. Pet Food Express* (2008) 165 Cal.App.4th 841, 854 [standard of review for administrative subpoenas].) There is considerable deference "to administrative discretion and expertise" when assessing whether "an administrative subpoena infringes upon interests protected by the Fourth Amendment," a "seldom successful" attack. (*Cal. Restaurant Assn. v. Henning* (1985) 173 Cal.App.3d 1069, 1075.) All that is required is "the inquiry be one which the agency demanding production is authorized to make, that the demand be not too indefinite, and that the information sought be reasonably relevant." (*Brovelli v. Superior Court* (1961) 56 Cal.2d 524, 529 (*Brovelli*).)

There is no disagreement over the People's authority to investigate alleged HWCL violations by propounding investigative interrogatories. (See Gov. Code, §§ 11180, 11181, subd. (f) [investigative interrogatories]; Bus. & Prof. Code, § 16759; Health & Saf. Code, §§ 25182, 25189 [authorizing district attorneys to bring civil actions for violations of HWCL].) Nor is there a dispute that the requests—focused on identifying California facilities, store managers, claims supervisors, and environmental health and safety personnel from April 3, 2010, to January 19, 2018—were sufficiently specific to allow a response. (See *State Water Resources Control Bd. v. Baldwin & Sons, Inc.* (2020) 45 Cal.App.5th 40, 57 (*Baldwin*).)

5

Relying primarily on the consent judgment and a purported finding that Walmart was in substantial compliance with the HWCL, Walmart instead contends the People's investigation and interrogatories are not reasonably relevant to any legitimate investigative *purpose*, thus infringing its rights under the Fourth Amendment. Similarly to the trial court, we find these arguments unconvincing, and we address each in turn.

## A. Consent Judgment

Walmart argues as follows. The consent judgment bars the People's independent investigation of potential HWCL violations that occurred from February 22, 2010, to January 26, 2018, the date the San Diego court eliminated the Injunction. Rather than initiate a new investigation of those claims, Walmart contends the People were required to pursue any potential claims of violations occurring *before* January 26, 2018, through the enforcement procedures outlined in the consent judgment. When the People failed to pursue those claims before the San Diego court eliminated the Injunction, the People waived their right to investigate those claims.

But the consent judgment's plain terms contradict Walmart's argument. Paragraph 7.1 states the consent judgment resolved all claims occurring on or before February 22, 2010—"Covered Matters." That paragraph further states the consent judgment does not cover "Reserved Claims," which "include, without limitation, any violation that occurs *after* February 22, 2010 . . . ." (Italics added.) The People's interrogatories sought information about Walmart and HWCL violations occurring on or after April 3, 2010, which Walmart admits constitute an examination of "Reserved Claims." Under these terms, the investigation concerns claims beyond the scope of the consent judgment.

6

Nothing in the consent judgment bars the People's investigation or requires them to pursue "Reserved Claims" through its enforcement provisions. (See e.g., paragraph 7.1 [expressly reserving the People's right to pursue "Reserved Claims"].) Under paragraph 6, "[t]he People *may* move [the] Court for additional relief for any violation of any provision of [the] Consent Judgment" even for claims that were covered by the consent judgment, but it does not *require* any such action. (Italics added.) (See *Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300, 307 ["Courts routinely construe the word 'may' as permissive and words like 'shall' or 'must' as mandatory"].) Paragraph 6 further declares nothing in it "shall limit any rights of the People to seek any other relief or remedies provided by law . . . ."

Although Walmart acknowledges these provisions, it fails to explain how the People waived an investigation into these Reserved Claims when the claims are not, by their plain terms, within the scope of the consent judgment. If Walmart intended the consent judgment to address HWCL violations through the termination of the Injunction—January 26, 2018—it could have negotiated to incorporate that provision. (See *Ritzenthaler v. Fireside Thrift Co.* (2001) 93 Cal.App.4th 986, 991.) It did not, and we do not rewrite the consent judgment to expand the period of time for Covered Claims for Walmart.

## B. Substantial Compliance

Walmart next contends an investigation of hazardous waste management violations between April 3, 2010, and January 2018 serves no reasonable purpose because the People conceded, and the San Diego court necessarily concluded, that Walmart substantially complied with the HWCL during that period. The record does not support Walmart's position.

7

Paragraph 24 of the consent judgment allows the court to grant Walmart's request for an order that the injunctive provisions "shall have no prospective force or effect" "upon determining that Wal-Mart has substantially complied with the obligations set forth in the Consent Judgment." In response to Walmart's motion under that paragraph, the People asserted Walmart was *not* in substantial compliance. They claimed Walmart improperly disposed of hazardous waste it deemed as presenting a low-level risk to humans and each instance of illegal disposal demonstrated a failure to substantially comply with the consent judgment requirements of handling, transporting, and managing hazardous waste. Although the People stipulated to modify the consent judgment by eliminating the Injunction, they expressly disavowed any acknowledgment "that Walmart [was] in compliance with the HWCL or that Walmart [had] met its burden under Paragraph 24 of the Consent Judgment to establish that it is in substantial compliance with the terms of the Consent Judgment . . . ."[2]

The San Diego court also declined to find Walmart in substantial compliance. The written decision eliminated the Injunction and stated this modification rendered it "unnecessary to determine whether Wal-Mart substantially complied with the judgment." It reasoned that "if the injunctive provisions are removed, there is no need for an order under paragraph 24

_____

[2] Walmart forfeited its argument the People are estopped from investigating potential HWCL claims because they implicitly conceded Walmart complied with that statute by agreeing to eliminate the Injunction—a contention raised for the first time on appeal. (See *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) Considering a purely legal question with no factual determinations for the first time on appeal is a matter of discretion, and we decline to consider Walmart's argument here. (*Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810.)

that the injunctive provisions have no prospective effect." Thus, contrary to Walmart's assertions, eliminating the Injunction did not require the court to *necessarily* make a substantial compliance finding.

Although Walmart supports its argument by quoting liberally from the San Diego court's comments made during a hearing on Walmart's motion, those statements, as Walmart acknowledges, cannot impeach the court's final written decision. (See *Valero Refining Co.–California v. Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, 644, fn. 24.) Moreover, even if we were to assume the San Diego court made a substantial compliance determination, it would not limit the People's authority to investigate potential HWCL violations during the period specified in its interrogatories. (See *Brovelli*, *supra*, 56 Cal.2d at p. 529 [authority to "compel the production of evidence for purposes of investigation" does not depend on a "controversy in order to get evidence" since investigations are allowed " 'merely on suspicion that the law is being violated' " or simply for assurances that it is not].) The trial court properly found Walmart's compliance with the HWCL a disputed matter and not a sufficient basis to object to the requested information.

## C. Scope

Walmart next complains the interrogatories were not reasonably related to the nature and date of alleged HWCL violations being investigated. We reject both arguments.

First, Walmart claims the hazardous waste—alkaline batteries, small electronics, lightbulbs, soap, hair care products, and makeup—that a few Walmart facilities admittedly sent to California landfills did not pose a substantial risk to human health or the environment and was not indicative of systemic problems in Walmart's disposal practices that could justify a

statewide investigation. But courts broadly construe the relevance of information sought through administrative investigative tools. (See *Baldwin*, *supra*, 45 Cal.App.5th at p. 57 [the term "relevance" permits access to " ' "virtually any material that might cast light on the allegations" ' " against a violator].) The People were not required to demonstrate, before they requested the information, that the information reveals a potential violation. (See *ibid.* [no formal charges or proceedings needed to compel production of evidence].) "At this investigative stage, the precise character and scope of possible violations (and possible violators) may not be known." (*Id.* at p. 59.)

Here, the People began their investigation to determine *whether* Walmart was committing violations of the HWCL in Alameda County and throughout California and if so, what various allegations would be made in a complaint. To the extent the People initiated the investigation based on evidence of a few confirmed incidents of improper waste disposal, that was sufficient. (See *Brovelli*, *supra*, 56 Cal.2d at p. 529 [investigations may be commenced on mere suspicion the law is being violated].) The requests seeking statewide information were reasonably relevant to the People's inquiry to determine the scope of Walmart's potential violations, regardless of the severity of known HWCL violations or whether certain conduct actually constituted a violation. (See *Baldwin*, *supra*, 45 Cal.App.5th at p. 58 [requests seeking the scope of violations are reasonably relevant to determining whether specific charges are warranted].)

Second, and for the same reason, we reject Walmart's claim the temporal scope of information sought—dating back to April 2010— was not relevant to the People's investigation because the statute of limitations bars prosecution of any HWCL claims before 2013. Information sought in an investigation need not be tethered to a potential prosecution. (See *Younger v.*

10

*Jensen* (1980) 26 Cal.3d 397, 406 [Attorney General investigative subpoenas issued to determine whether to formulate an enforcement policy].)  Further, as Walmart concedes, the requested information may be relevant and discoverable even if it is not ultimately admissible in subsequent proceedings. As the trial court, we recognize the interrogatories asked for the identities of potential witnesses who would be knowledgeable about Walmart's level of compliance with the HWCL, more recent conduct that violates the HWCL, or the identities of additional witnesses.  It was thus relevant to the People's investigation, even if they did not seek penalties for violations dating back to 2010.  (See *Baldwin*, *supra*, 45 Cal.App.5th at p. 57.)

We do not address the People's remaining arguments.

## DISPOSITION

The order is affirmed.

_____
Jackson, J.

WE CONCUR:


_____
Siggins, P. J.


_____
Fujisaki, J.


A155886/*People v. Walmart Inc.*

12
