Filed 11/12/25  Lin v. A-Z Essential Pharmaceutical CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRUCE Y. LIN et al., | B344056 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22STCV20812) |
| v. | |
| A-Z ESSENTIAL PHARMACEUTICAL INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed with directions.

Jung Law and Karen E. Jung for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

————————————

# INTRODUCTION

Bruce Y. Lin and Po-Chia "Rebecca" Lin appeal from a postjudgment order denying their motion for contractual attorney fees and costs. The Lins sued A-Z Essentials Pharmaceutical Inc., Essential Pharmaceutical Corp., and Mohamad Moussaoui (collectively, A-Z) in connection with the sale of their business to A-Z. The parties settled on the day of trial. We conclude the Lins are entitled to recover their attorney fees and costs as the prevailing parties because they obtained a net monetary recovery under the parties' stipulated judgment, and the stipulated judgment's silence on the issue of attorney fees and costs does not preclude such an award.[1] Accordingly, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the Lins sold their pharmaceutical manufacturing business and related real property to A-Z. The parties entered into two agreements, one of which contained an attorney fees provision. The Agreement of Purchase and Sale of Real Property (the Real Property Agreement) stated: "In the event of the bringing of any action or suit by Seller, and/or Buyer against another party hereunder by reason of any breach of any of the covenants, agreements or provisions on the part of the other party arising out of this Agreement, then in that event the prevailing party shall be entitled to have and recover from the other party all costs and expenses of the action or suit, including

---

[1] A-Z did not file a brief. We thus decide this appeal "on the record, the opening brief, and any oral argument by the appellant." (See Cal. Rules of Court, rule 8.220(a)(2).)

reasonable out of-pocket attorneys' fees. Any such attorneys' fees and other expenses incurred by either party in enforcing a judgment in its favor under this Agreement shall be recoverable separately from and in addition to any other amount included in such judgment, and such attorneys' fees obligation is intended to be severable from the other provisions of this Agreement and to survive and not be merged into any such judgment." The second agreement, the Stock Purchase Agreement, did not contain an attorney fees provision.

In 2022, the Lins sued A-Z for breach of contract, quantum meruit, open book account, account stated, intentional misrepresentation, negligent misrepresentation, concealment, conversion, unjust enrichment, and financial elder abuse. The Lins alleged A-Z failed to pay the purchase price in full and failed to compensate the Lins for training A-Z's new team to run the business. In their prayer for relief, the Lins sought attorney fees and costs of suit.

A-Z filed a cross-complaint. The operative cross-complaint alleged breach of both contracts, breach of the covenant of good faith and fair dealing, specific performance, fraud, and declaratory relief. The cross-complaint further alleged A-Z was entitled to attorney fees pursuant to the Real Property Agreement and prayed for "all costs of suit incurred herein."

The parties settled on the first day of trial. The resulting stipulated judgment "in favor of Plaintiffs and against Defendants" stated the Lins "shall recover the total sum of $500,000.00" and A-Z "shall take nothing." The judgment was silent on the issue of attorney fees or costs.

3

The Lins thereafter filed a memorandum of costs and sought $163,609.35 in attorney fees. The Lins explained the Real Property Agreement's attorney fees provision governed the entire transaction because the Real Property Agreement stated it was contingent on the sale of the business pursuant to the Stock Purchase Agreement. The Lins argued, citing California Supreme Court authority, that they could recover contractual attorney fees and costs where a settlement agreement or stipulated judgment is silent on the issue and there is no express or implied waiver of fees and costs. The Lins stated they sought 90 percent of the total fees incurred because that is the portion of fees related to asserting and defending against the breach of contract claims. The Lins attributed the remaining attorney time to the conversion, financial elder abuse, and fraud causes of action.

A-Z opposed, asserting the memorandum of costs should be stricken in its entirety on the ground there was no prevailing party pursuant to the stipulated judgment. A-Z also argued the Lins' motion for attorney fees should be denied because "the case was settled in its entirety." A-Z further stated it should be awarded attorney fees and costs since it filed a cross-complaint against the Lins and fees should not be awarded "unilaterally." A-Z did not dispute that the Lins would be entitled to fees under the Real Property Agreement, or that it governed the whole transaction. Nor did A-Z challenge the amount of fees the Lins sought to recover or their apportionment of 90 percent of their attorney fees to the breach of contract causes of action.

The court denied the motion for attorney fees and costs. It did not address the Lins' case law authority, and instead it ruled that, "Usually where there is a judgment in the case, after the

4

amount of the judgment, there appears the words 'plus fees and costs' with a blank space for the amount to be entered after motions.  [¶]  Without the words 'fees and costs' in the stipulated judgment, 'fees and costs' are not part of the stipulated judgment."

The Lins timely appealed from the post-judgment order.

## DISCUSSION

A.  *Standard of Review and Governing Law*

"[W]e review the determination of the legal basis for an award of attorney fees de novo as a question of law." (*Blackburn v. Charnley* (2004) 117 Cal.App.4th 758, 767; accord, *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  (Code Civ. Proc., § 1032, subd. (b).) Attorney fees when authorized by contract may be recovered as an item of cost.  (See Code Civ. Proc., § 1033.5, subd. (a)(10)(A).) "'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to

5

rules adopted under Section 1034." (Code Civ. Proc., § 1032, subdivision (a)(4).)

The California Supreme Court in *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1144 (*DeSaulles*) held that when a defendant pays money to a plaintiff in order to settle a case, the plaintiff obtains a "net monetary recovery" pursuant to Code of Civil Procedure, section 1032, subdivision (a)(4), and a dismissal pursuant to such a settlement is not a dismissal in the defendant's favor for purposes of a prevailing party determination. Thus, "'[a]s between the parties thereto and for purposes of enforcement of settlement agreements, a compromise agreement contemplating payment by defendant and dismissal of the action by plaintiff is the legal equivalent of a judgment in plaintiff's favor.'" (*DeSaulles,* at p. 1155, quoting *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 907.)

*DeSaulles* cited *Rapp v. Spring Valley Gold Co.* (1888) 74 Cal. 532 (*Rapp*), a case where a judgment was entered in favor of plaintiffs pursuant to stipulation. The stipulation was silent as to statutory attorney fees. The defendants argued that based on the stipulation, which merely set forth amounts due to the plaintiffs from defendants, "judgment should be entered for the amount due to the plaintiffs, and by implication for nothing else, and that the attorney's fee was not a part of the amount due to the plaintiffs." (*Rapp,* at p. 533.) *Rapp* rejected the defendants' argument: "This argument proves too much. It would exclude a judgment for costs as well as for attorney's fees. Costs are not a part of the amount due to the plaintiffs; but it is not disputed by appellants that the judgment for costs was proper. The attorney's fee in this kind of case is not, strictly speaking, part of

6

the costs. . . .  But it was properly allowed for the same reason that costs were allowed, viz., that it was a necessary incident of the judgment stipulated for, and was not expressly, or by necessary implication, excluded by the stipulation."  (*Ibid.*)

Similarly, the high court held in *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 671 (*Folsom*) that a settlement agreement that was silent as to costs and attorney fees "does not create a bar to either a cost bill or a motion pursuant to [Code Civ. Proc.,] section 1021.5."[2]  (*Id.* at p. 671.) *Folsom* reasoned:  "Compromise agreements are, of course, 'governed by the legal principles applicable to contracts generally.'  [Citation.]  They 'regulate and settle only such matters and differences as appear clearly to be comprehended in them by the intention of the parties and the necessary consequences thereof, and do not extend to matters which the parties never intended to include therein, although existing at the time.'  [Citations.]  Thus they ordinarily conclude all matters put in issue by the pleadings—that is, questions that otherwise would have been resolved at trial.  [Citation.]  They do not, however (absent affirmative agreement of the parties), conclude matters incident to the judgment that were no part of the cause of the action."  (*Id.* at p. 677.)  *Folsom* held the right to costs was statutory, and costs were allowed "'solely as an incident of the judgment'" and "'constitute no part of a judgment at the moment of its rendition.'"  (*Ibid.*)  Citing *Rapp,* the *Folsom* court applied the same reasoning "to attorney fees that are authorized solely by

---

2       Code of Civil Procedure section 1021.5 authorizes the award of attorney fees to a prevailing party "in any action which has resulted in the enforcement of an important right affecting the public interest."

7

statute and hence are not a part of the cause of action.  They are incidents to the cause, properly awarded after entry of a stipulated judgment, unless expressly or by necessary implication excluded by the stipulation."  (*Id.* at p. 678.)

*Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181, 187 (*Lanyi*) extended the *Folsom* analysis, which addressed attorney fees allowed by statute, to contractual attorney fees authorized under Civil Code section 1717 because those fees "could be said to derive from the underlying contract as well as from statute, since it takes a contractual attorney fee provision to invoke the section 1717 right."[3]  (*Lanyi,* at p. 187.)  Just as the statutory fee provisions discussed in *Folsom* were incident to the judgment, *Lanyi* explained contractual attorney fees were likewise not a part of the cause of action:  "An action on a contract with an attorney fee provision, though frequently including a pleaded request for reasonable attorney fees as provided for in the contract itself, has not been treated by the courts as an action where the fees must be pleaded and proved at trial.  Rather, the plaintiff may elect to have the court determine the fees under section 1717 as costs."  (*Ibid.*)

---

[3]     Civil Code section 1717, subdivision (a), provides:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

8

Subsequent cases confirm a prevailing party may seek attorney fees or costs after a settlement agreement or stipulated judgment is entered that is silent on the issue. (See *DeSaulles, supra,* 62 Cal.4th at p. 1154; *Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 170 [a prevailing party is entitled to costs and, if authorized by statute or contract, attorney fees where she accepted a § 998 offer that was silent on costs and fees]; *On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1084 ["when a section 998 offer is silent about attorney's fees and costs, it cannot reasonably be interpreted to exclude their recovery and the prevailing party may seek them"]; *Ritzenthaler v. Fireside Thrift Co.* (2001) 93 Cal.App.4th 986, 991 ["A compromise agreement that expressly settles 'all damages and injunctive claims,' but nothing more, cannot reasonably be interpreted as including a settlement of the plaintiffs' right to recover attorney fees under Civil Code section 1717."].)

B.     *The Lins Were Entitled to Attorney Fees and Costs*

The Lins request reversal of the trial court's order denying their motion for attorney fees and costs. They argue they were the prevailing parties within the meaning of Code of Civil Procedure section 1032 and Civil Code section 1717 and that they are entitled to attorney fees and costs. We agree.

First, the Lins were entitled to seek attorney fees and costs after entry of the stipulated judgment in their favor. The trial court ruled that the Lins could not seek attorney fees and costs if the stipulated judgment did not expressly provide for fees and costs. The California Supreme Court has rejected this argument. In *Rapp,* it held attorney fees were proper under a stipulation

9

that was silent on the issue of attorney fees, and did not expressly, or by necessary implication, exclude fees. In *Folsom,* it similarly held a settlement agreement silent as to attorney fees and costs "does not create a bar" to a statutory fee motion or a memorandum of costs. (*Folsom, supra,* 32 Cal.3d at p. 671.) *Lanyi* applied *Folsom*'s holding to fee motions based on contract, such as in this case. (See *Lanyi, supra,* 177 Cal.App.3d at p. 187.) Just as in *Rapp, Folsom* and *Lanyi,* the stipulated judgment between the Lins and A-Z was silent as to costs and fees. But under the reasoning of those cases, that silence does not bar the Lins from seeking attorney fees and costs after entry of the stipulated judgment.[4]

Second, *DeSaulles, supra,* 62 Cal.4th at page 1144, confirms the Lins are the prevailing party under Code of Civil Procedure, section 1032, subdivision (a)(4), and are entitled to reasonable attorney fees and costs. The Lins clearly obtained a net monetary recovery under the parties' stipulated judgment "in favor of Plaintiffs and against Defendants," which awarded them $500,000.00 while providing that A-Z "shall take nothing."

Because the amount of the fees to be awarded to the Lins should be decided by the trial court in the first instance, we reverse and remand for that purpose.

---

[4] *Rapp, Folsom,* and *Lanyi* did not address a stipulated judgment like the one entered in this case, but these cases and their reasoning remain persuasive. (Cf. *DeSaulles, supra,* 62 Cal.4th at p. 1154 ["The cases make clear that if a settlement agreement, compromise offer pursuant to [Code of Civil Procedure] section 998, or stipulated judgment is silent on the matter of costs, the plaintiff is not barred from seeking costs."].)

## DISPOSITION

The postjudgment order denying the Lins' motion for attorney fees and costs is reversed.  The matter is remanded to the trial court with directions to vacate its order denying the Lins' motion and enter a new order granting the motion in which the court shall determine the amount of reasonable attorney fees and costs to be awarded to the Lins based upon the evidence before the court and after hearing from the parties.  The Lins may recover their costs on appeal.

MARTINEZ, P. J.

We concur:

SEGAL, J.                                    FEUER, J.

11